JANUARY TERM, 1884, No. 336.                    APRIL 24, 1884.

## Walker's Appeal.

1. The orphans' court has no jurisdiction to decree the conveyance, by an executrix and devisee, of real estate held in trust by testator when the declaration of trust executed by the testator provided that only so much of the property as should not have been sold within a certain time should be reconveyed; that the taxes and expenses should be paid by the trustee, to be refunded by the *cestui que trust;* and that after the latter should be re-imbursed for all his outlays, the profits should be equally divided between them.

2. These are matters which belong to the equity side of the court of common pleas.

3. The provisions of the act of 1834 do not confer upon the orphans' court the power, expressly or by implication, to take cognizance of partnership dealings and state an account between the surviving partner and the representatives of the decedent, or where a full and final settlement of the partnership affairs and the specific performance of agreements in relation to the real estate are necessarily involved in carrying out the contract of a decedent.

Before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, J.MERCUR, C. J. and CLARK, JJ., absent.

Appeal of Lewis B. Walker, assignee of Thomas H. Walker, trustee of Thomas H. Schollenberger, from a decree of the Orphans' Court of *Schuylkill County* refusing to order the conveyance of real estate held by L. F. Whitney, deceased, in his lifetime, as trustee.

The facts, as they appeared from the petition and answer, were as follows:

In the fall of 1873, Thomas H. Schollenberger purchased from various parties three lots of land in Schuyl-

kill county.  The deeds were made out in the name of L. F. Whitney.  Schollenberger paid, out of his own funds, the entire purchase money at the time, with the exception of $2,264 45, for which mortgages were given by Whitney.  On July 1, 1875, Schollenberger purchased a tract of land in Clarion county, which, on April 20, 1877, he conveyed to Whitney.  He also conveyed to Whitney 9,090 shares of the Jefferson Oil Company. Schollenberger subsequently paid off the mortgages for $2,264 45, which were satisfied of record January 4, 1876.

On April 1, 1874, Whitney executed to Schollenberger a declaration of trust.  This deed, after describing the several properties mentioned above and averring that Schollenberger had paid all the purchase money or consideration for them, continued as follows: "Now, it is hereby acknowledged and declared by the said L. F. Whitney, in consideration of the premises and of the covenants and agreements hereinafter recited and mentioned, that he, the said Whitney, is made grantee in said recited deeds by the direction and appointment of, and upon the behalf of, the said Thomas .H. Schollenberger, and that he is therein trustee for him, the said Schollenberger, his heirs and assigns, and that he does not claim to have any right or interest in the premises so conveyed to him, or to his, the said Whitney's, own use or benefit, except as hereinafter set out and specified, and subject to the covenants and agreements hereinafter mentioned. And he, the said Whitney, for himself and his heirs, covenants and promises to and with the said Schollenberger, his heirs or assigns, that upon payment by the said Schollenberger, his heirs or assigns, of all the purchase or consideration money now remaining unpaid, as aforesaid, and upon the fulfillment and performance of all the covenants and agreements hereafter recited and mentioned, he, the said Whitney, and his heirs, will, at the request and cost of the said Schollenberger, his heirs and assigns, convey to the said Schollenberger, his heirs and assigns, so much of the premises as shall not, in the meantime, have been sold and conveyed, or agreed to be sold or conveyed, by the said Whitney to other persons, in pursuance of and under the covenants and agreements hereinafter recited.

" It is agreed, by and between the said parties to these presents, as follows :

"*First.* Said Whitney shall, at his discretion, lay out into streets, lots, and outlets, of sizes of which he shall deem proper and expedient, the whole or any part of the

premises mentioned in the above-recited deeds, and until the receipts from sales, as hereinafter provided for, shall be equal to the taxes and current expenses paid and incurred by said Whitney in execution of the trusts and powers mentioned and given, the said Schollenberger shall pay the same, or the deficit, and charge the same against the property, to be re-imbursed as soon as the property shall yield sufficient money for that purpose.

"*Second.* Said Whitney shall sell and convey the said premises, or any parts thereof, in lots or by the acre, or in any size or sizes which to him shall seem meet and proper, and for the interest and advantages of said Schollenberger and himself.

"*Third.* All taxes, expenses, and costs shall be first paid out of the proceeds of sales or as provided above."

The agreement further provided that Schollenberger and Whitney should divide the net profits equally from time to time, and that at the end of three years a full and final settlement should be made, unless the parties at that time should extend the agreement. It was agreed that when the final settlement should be made "Whitney or his heirs shall and will convey to the said Schollenbeager, his heirs and assigns, the one undivided half part of so much of the premises as shall not before that time be sold or conveyed, or agreed to be sold or conveyed, to other persons aforesaid: *Provided, however*, That before any division of profits shall be made, or before the said Whitney shall convey to the said Schollenberger, as aforesaid, the said Schollenberger shall be re-imbursed the cost paid by him for said land and interest as aforesaid."

This deed was recorded November 21, 1878. On April 24, 1877, by an agreement under seal recorded November 21, 1878, the time of the trust was extended for three years from April 1, 1877, and the trust was made to include the land in Clarion county and the stock in the Jefferson Oil Company conveyed to Whitney in 1877.

On May 1, 1877, Schollenberger assigned his interest in the trust to T. H. Walker for the benefit of certain creditors named in the deed of assignment. T. H. Walker subsequently assigned the same property, with the assent of Schollenberger, for the same purposes to L. B. Walker.

Whitney rendered his last account to Schollenberger January 4, 1876. On September 10, 1878, he died, having constituted his wife, Hannah Whitney, the executrix of his will, and made her the sole devisee and legatee of his will.

On July 15, 1882, L. B. Walker presented his petition

to the orphans' court, in which, after setting forth the facts as above, he averred that L. F. Whitney had not kept true and just accounts of all the moneys which he had received as trustee for T. H. Schollenberger; that he had rendered no account since January 4, 1876; that he had failed to pay over large sums of money which he had received since the rendition of said account, and that he had appropriated said sums to his own use; that he had "not paid over to the said Thomas H. Schollenberger the amounts advanced by him for the purchase of the said property with interest according to the agreements aforesaid;" that Hannah Whitney, in whom was the legal title to the trust estate under her husband's will, refused to convey the said legal title, although the petitioner was ready and willing to pay all the expenses of conveyance, and that Hannah Whitney had refused to render any account of money and profits received from the properties which compose the trust estate, although often requested to do so. The petition prayed that Hannah Whitney might be compelled to render an account of all moneys received from the trust estate by L. F. Whitney in his lifetime, and by herself after her husband's death, and that she be compelled to make conveyance of the legal title to the trust estate to the petitioner.

Hannah Whitney made answer to the petition that she had no knowledge of what had occurred in the lifetime of L. F. Whitney, and that she could not submit any account for L. F. Whitney. That she had paid to L. B. Walker $973 60 which, she had as dividends from the Jefferson Oil Company, and that she had $218 76 in her hands received from the same source, which she was ready and willing to pay over to Walker; that as executrix she had not to her knowledge neglected any duty relative to the trust estate; that the estate of L. F. Whitney was insolvent; that she submitted to the court: "A. Whether the said court has any jurisdiction to make any order or decree as prayed for. B. That the petitioner be required to establish by due and competent proof the existence of such facts as will establish his right to the relief prayed for to the end that no injustice may be done to said executrix and the estate of the said L. F. Whitney."

At the same time, certain creditors of L. F. Whitney filed a protest to the petition setting forth that L. F. Whitney owed the protestants certain sums of money as set forth; that the estate of Whitney is insolvent; that the real estate demanded by Walker is the bulk of Whitney's estate; that the creditors should be made parties to

this proceeding ; that the orphans' court has not jurisdiction ; that on the death of Whitney his estate became vested in his creditors as equitable owners, and that Hannah Whitney is merely their trustee ; "that the said deeds for several pieces of real estate to said L. F. Whitney being on their face absolute and in fee, the said L. F. Whitney obtained credit on the strength thereof ;" that the declaration of trust was null and void because not recorded until after Whitney's death ; that the petition should therefore be dismissed.

On October 29, 1883, the Court, BECHTEL, J., dismissed the petition on the ground of want of jurisdiction in the orphans' court.

L. B. Walker thereupon took this appeal assigning, for error the action of the Court in refusing the decree prayed for in his petition.

*Thomas H. Walker* and *L. B. Walker* for appellant.
Under the act of June 16, 1836, the orphans' court had jurisdiction to decree specific performance of the contract set forth in the declaration of trust: Brinker *v.* Brinker, 7 Barr, 53 ; Chess's Appeal, 4 Barr, 52 ; McFarson's Appeal, 1 Jones, 503 ; Weller *v.* Weyand, 2 Grant, 104 ; West Hickory Mining Association *v.* Reed, 30 Smith, 38.

The right of the *cestui que trust* in this case can only be defeated by a *bona fide* purchaser or mortgagee of the property for value without notice of the trust. A judgment or simple creditor is not such a purchaser or mortgagee as can claim against the trust.

*S. H. Kaercher* and *William B. Wells* for appellee.
The orphans' court had no jurisdiction to enforce specific performance of the contract in this case. The proper forum to enforce performance of such a contract is the court of common pleas, whose equitable powers may be invoked in the settlement of the partnership affairs : Wiley's Executors' Appeal, 3 Norris, 270.

This appeal is experimental upon the part of the appellant. He has filed a bill in equity in the common pleas praying for the same decree. It is for this court to say which is the proper forum.

*A. W. Schalck* for the creditors of L. F. Whitney, deceased.

May 5, 1884. The opinion of the Court was delivered by PAXSON, J.:

[Walker's Appeal.]

If the orphans' court had no jurisdiction to decree specific performance in this case, we need inquire no further. The act of June 16, 1836, P. L., 792, provides: "The jurisdiction of the several orphans' courts shall extend to and embrace &ast; &ast; &ast; the specific executions of contracts made by decedents, to sell and convey any real estate of which such decedent shall die seized." The fifteenth section of the act of 24th February, 1834, P. L., 75, points out the mode of proceeding in such cases.

It was said in Brinker v. Brinker, 7 Barr, 53, that "the draftsman of the act of 1834 had in his eye the case of an ordinary bargain and sale of real estate, and Wiley's Appeal, 3 Norris, 270, decided that the provisions of the act of 1834, which gave the orphans' court jurisdiction to decree specific performance of the contracts of decedents for the sale and conveyance of real estate, do not confer upon that court the power, expressly or by implication, to take cognizance of partnership dealings, and state an account between the surviving partner and the representatives of the deceased, or where a full and final settlement of the partnership affairs, and the specific performance of agreements in relation to the real estate are necessarily involved in carrying out the contract of a decedent. The contract sought to be enforced in this case involves more than an ordinary bargain and sale of real estate. Whitney, the decedent, held the property in trust for Schollenberger. The agreement to re-convey was not absolute, but depended upon certain conditions specified in the declaration of trust. Only so much as shall not have been sold was to be re-conveyed; the taxes, expenses, &c., to be paid by Whitney, and to be refunded by Schollenberger, and that after the latter shall be re-imbursed for all his outlays, the profits were to be equally divided between them. We have here a trust, a liability on the part of the trustee to account to Schollenberger, and a stipulation for a division of the profits. These are matters which belong to the equity side of the court of common pleas, and never were intended to come within the jurisdiction of the orphans' court.

The decree is affirmed and the appeal dismissed at the costs of the appellant.